UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

Derrick S. Statham,

Plaintiff,

v.

City of Milwaukee;

Officer Jesus Rodriguez Jr.;

Officer Kobe Mossman;

Officer Justin Merritt;

Officer Nickolas Gallert;

Sergeant Martez Ball,

Defendants.

Case No. 26-CV-116


U.S. District Court
Wisconsin Eastern

FEB 06 2026

FILED
Clerk of Court

AMENDED COMPLAINT

(42 U.S.C. § 1983 – Jury Trial Demanded)

I. JURISDICTION AND VENUE

This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(3).

Venue is proper in this District under 28 U.S.C. § 1391(b) because all events occurred in Milwaukee County, Wisconsin.

II. PARTIES

Plaintiff Derrick S. Statham is a Wisconsin resident and was confined at Milwaukee County CRC at the time of filing.

Defendant City of Milwaukee is a municipal entity responsible for the policies, customs, training, supervision, and discipline of Milwaukee Police Department officers.

Defendants Rodriguez, Mossman, Merritt, Gallert, and Ball were sworn Milwaukee Police Department officers acting under color of state law at all relevant times.

III. FACTUAL ALLEGATIONS

(Pled specifically for § 1915 screening)

On August 16, 2025, at approximately 9:04 p.m., Plaintiff was involved in a police pursuit in Milwaukee, Wisconsin.

Plaintiff exited the vehicle and ran on foot.

Plaintiff voluntarily surrendered to police officers and did not resist arrest.

Plaintiff was apprehended by Officers Mossman, Merritt, Gallert, and Rodriguez.

At the time Plaintiff was apprehended:

He was unarmed

He was outnumbered

He was not resisting

He posed no immediate threat to officers or the public

Despite Plaintiff's surrender, officers forcefully slammed Plaintiff to the ground, causing his head to strike concrete.

Officers placed a knee on Plaintiff's chest, restricting his ability to breathe.

While Plaintiff was restrained on the ground, Officer Rodriguez repeatedly struck Plaintiff in the face and head with a closed fist.

Plaintiff was flipped from his back to his stomach and struck multiple times while under officers' control.

Officers Mossman, Merritt, and Gallert were present, observed the use of force, and did not intervene.

Sergeant Ball, as a supervising officer on scene, failed to stop the excessive force, failed to intervene, and failed to correct or report the misconduct.

Plaintiff suffered the following injuries:

Head trauma and facial injuries

Severe bruising and abrasions

Hematoma

Partial loss of vision in the right eye

Ongoing pain, emotional distress, and fear

Medical providers advised Plaintiff that his right-eye injury may result in permanent vision impairment.

Plaintiff screamed for help and feared for his life during the assault.

Defendants failed to accurately document or report the use of force in their police reports.

IV. CLAIMS FOR RELIEF

COUNT I

Excessive Force – Fourth Amendment

(42 U.S.C. § 1983 – Against All Individual Defendants)

Plaintiff incorporates paragraphs 1–21.

The force used against Plaintiff occurred after surrender, while Plaintiff was restrained and compliant.

The level of force used was objectively unreasonable under clearly established law.

A reasonable officer would have known that striking a restrained, non-resisting individual violates the Fourth Amendment.

Defendants' conduct violated Plaintiff's clearly established constitutional rights, defeating qualified immunity at this stage.

COUNT II

Failure to Intervene

(42 U.S.C. § 1983 – Against Mossman, Merritt, Gallert, and Ball)

Plaintiff incorporates paragraphs 1–21.

Defendants observed excessive force being used against Plaintiff.

Defendants had a realistic opportunity to intervene and stop the assault.

Defendants deliberately failed to act, causing continued injury.

This failure violated Plaintiff's Fourth Amendment rights.

## COUNT III

Fourteenth Amendment – Due Process

(42 U.S.C. § 1983 – Against All Individual Defendants)

Plaintiff incorporates paragraphs 1–21.

Defendants' conduct shocked the conscience and constituted an abuse of official power.

Plaintiff was deprived of bodily integrity and liberty without due process of law.

## COUNT IV

Municipal Liability (Monell Claim)

(42 U.S.C. § 1983 – Against City of Milwaukee)

Plaintiff incorporates paragraphs 1–21.

The City of Milwaukee maintained customs or practices of:

Inadequate training on use of force

Failure to discipline officers for excessive force

Tolerance of inaccurate reporting of force incidents

These policies and failures were moving forces behind the constitutional violations suffered by Plaintiff.

The City's deliberate indifference caused Plaintiff's injuries.

## V. DAMAGES

Plaintiff suffered:

Past and future physical pain

Emotional distress and mental anguish

Partial vision loss

Medical expenses

Loss of normal life enjoyment

## VI. RELIEF REQUESTED

Plaintiff respectfully requests:

A. Compensatory damages

B. Punitive damages against individual defendants

C. Costs and fees under 42 U.S.C. § 1988

D. Any other relief the Court deems just

VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable.

Respectfully submitted,

Derrick S. Statham

Plaintiff, Pro Se