# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

DERRICK STATHAM,

      Plaintiff,

      v.                                 **Case No. 26-CV-116**

CITY OF MILWAUKEE, *et al.*,

      Defendants.

---

## SCREENING ORDER

---

Plaintiff Derrick Statham, who is currently in custody at the Milwaukee County Community Reintegration Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This order resolves Plaintiff's motion for leave to proceed without prepayment of the filing fee and screens his amended complaint. ECF Nos. 2 & 7.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner-plaintiff the ability to proceed with his case without prepaying the civil case filing fee in full. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 28, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $81.64. ECF No. 5. Plaintiff paid that fee on February 10, 2026. Therefore, the Court will grant Plaintiff's

motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

SCREENING THE AMENDMENT COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

At the relevant time, Plaintiff was a private citizen in Milwaukee, Wisconsin. ECF No. 7 at 1. Defendants are City of Milwaukee and Milwaukee Police Officers Jesus Rodriguez, Justin Merritt, Kobe Mossman, Nickolas Gallert, and Martez Ball. *Id*. at 1 & 2. According to the Amended Complaint, on August 16, 2025, Plaintiff was involved in a "police pursuit" in Milwaukee, Wisconsin. *Id*. at 2. Plaintiff states that he initially got out of his car and ran on foot. *Id*. But when Officers Rodriguez, Merritt, Mossman, and Gallert caught up to him, he voluntarily surrendered. *Id*. Plaintiff states that he was unarmed, outnumbered, posed no threat to anyone, and did not resist arrest. *Id*. Despite his voluntary surrender, the officers slammed Plaintiff to the ground, causing his head to strike the concrete. *Id*. Someone then placed a knee on Plaintiff's chest, restricting his ability to breathe. *Id*. While fully restrained on the ground, Officer Rodriguez repeatedly struck Plaintiff in the face and head with a closed fist. *Id*. Plaintiff states that none of the other officers, including Supervising Officer Ball, intervened to help him. *Id*. He suffered severe bruises and abrasions, a hematoma, and partial vision loss in his right eye. *Id*. at 2 & 3. For relief, he seeks monetary damages. *Id*. at 3 & 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Under the Fourth Amendment, police officers may not use excessive force to effectuate an arrest. *Avina v. Bohlen*, 882 F.3d 674, 678 (7th Cir. 2018) (citing *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010)). "Whether a police officer used excessive force is analyzed from the perspective of a reasonable officer under the circumstances, rather than examining the officer's actions in hindsight." *Id*. (quoting *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015). The reasonableness of an officer's actions must be determined by examining the "specific circumstances of the arrest, including 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Cyrus*, 624 F.3d at 861–62 (quoting *Graham v. Connor*, 490 U.S. 386, 396, (1989)).

Plaintiff alleges that, on August 16, 2025, Officer Rodriguez repeatedly struck him in the face and head with a closed fist, *after* he was fully restrained on the ground following a police pursuit. Plaintiff states that he was unarmed, outnumbered, not resisting, and posed no immediate threat to anyone, but Officer Rodriguez repeatedly struck him anyway for the sole purpose of injuring him. Plaintiff states that the other officers that were present—Officer Merritt, Officer Mossman, Officer Gallert, and Officer Ball—did not intervene and likely lacked training on how to intervene when one officer goes rogue and begins assaulting a suspect. Based on these allegations, I can reasonably infer that Officer Rodriguez may have used excessive force; that Officer Merritt, Officer Mossman, Officer Gallert, and Officer Ball may have failed to intervene; and that the City of Milwaukee may not have had proper training for their officers on how to respond when one officer assaults a suspect. Therefore, Plaintiff may proceed on a Fourth Amendment excessive force claim against Officer Rodriguez; a failure to intervene claim against

4

Officer Merritt, Officer Mossman, Officer Gallert, and Officer Ball; and a failure to train claim against the City of Milwaukee in connection with Plaintiff's August 16, 2025 arrest.

CONCLUSION

The Court finds that Plaintiff may proceed on a Fourth Amendment excessive force claim against Officer Rodriguez; a failure to intervene claim against Officer Merritt, Officer Mossman, Officer Gallert, and Officer Ball; and a failure to train claim against the City of Milwaukee in connection with his August 16, 2025 arrest.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon City of Milwaukee, Officer Rodriguez, Officer Merritt, Officer Mossman, Officer Gallert, and Officer Ball pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that City of Milwaukee, Officer Rodriguez, Officer Merritt, Officer Mossman, Officer Gallert, and Officer Ball shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$268.36** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Inmate Accounts, Milwaukee County Community Reintegration Center, 8885 S. 68th Street, Franklin, WI 53132.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

**PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS**. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 24th day of April, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge